545 A.2d 496

D.J.P., Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

D.J.P., Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued March 21, 1988, before Judges CRAIG and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*William C. Kaczynski,* with him, *Vera S. Sanchas,* for petitioner.

*Ruth O'Brien,* Assistant Counsel, with her, *James A. Esler,* for respondent.

OPINION BY JUDGE CRAIG, August 15, 1988:

D.J.P. appeals a decision of the Office of Hearings and Appeals of the Department of Public Welfare (DPW) which adopted a hearing officer's recommendation not to expunge an indicated report of child abuse maintained under the Child Protective Services Law.[1]

In this case, a child, while under the treatment of her psychotherapist, Ms. Hesky, told Ms. Hesky that D.J.P., a friend of the child and her parents, had kissed

---

[1] Act of November 26, 1975, P.L. 438 *as amended,* 11 P.S. §2201-2224.

her. When Ms. Hesky asked the child where D.J.P. kissed her, the child indicated that D.J.P. had kissed her all over her body, including between her legs. Ms. Hesky then asked the child to show her, on an anatomically correct doll, what D.J.P. did, and the child picked up the female doll and touched that doll all over, including between the legs. Based on this information, Ms. Hesky filed a report of suspected abuse with DPW.

DPW determined the report of Ms. Hesky to be an "indicated" report.[2] D.J.P. petitioned the Secretary of DPW to expunge the "indicated" report. The department refused expungement, and D.J.P. sought a hearing, at which Ms. Hesky testified on behalf of DPW. D.J.P., Dr. Rubin, a psychologist who subsequently treated the child, and the child's parents testified in support of the petition to expunge.[3] The hearing officer concluded that substantial evidence supported the allegations against D.J.P., and recommended that the indicated report of child abuse remain in the registry.

D.J.P. asserts that the hearing examiner erred in refusing to expunge the indicated report because the only evidence of the child abuse was the hearsay testimony of

[2] Section 3 of the Child Protective Services Law defines "Indicated report" as "a report made pursuant to this act if an investigation by the child protective service determines that substantial evidence of the alleged abuse exists based on (i) available medical evidence, (ii) the child protective service investigation or (iii) an admission of the acts of abuse by the child's parent or person responsible for the child's welfare."

[3] D.J.P. testified that he had never engaged in any sexual abuse of the girl. Dr. Rubin, the psychologist who began treating the child about three months after Ms. Hesky made her report to DPW, testified that the child had no sexual contact with any adult and that the child's statements to Ms. Hesky were merely the child's sexual fantasy. The child's parents testified that the child fantasized and that they did not believe D.J.P. had sexually abused the child.

Ms. Hesky. Based on this court's recent decision in *L.W.B. v. J. Jean Sosnowski*, 117 Pa. Commonwealth Ct. 120, 543 A.2d 1241 (1988), we must remand this case for additional findings by the hearing examiner.

In *L.W.B.*, as in this case, the only evidence to support the reported child abuse was the testimony of a witness relaying the child's spoken declarations as well as her gestures and demonstrative actions. Although counsel for D.J.P. did not object to the hearsay testimony of Ms. Hesky, as this court noted in *L.W.B.*, under the "legal residuum" rule of *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976), hearsay testimony received without objection cannot be used to support any findings unless it is corroborated by competent evidence otherwise found in the record.

However, the *L.W.B.* court recognized the unique problems of proof in abuse expungement proceedings and, noting possible inconsistency between the *Walker* residuum rule and section 505 of the Administrative Agency Law,[4] adopted a means for resolving the sensitive evidentiary problems in abuse report expungement cases.

In addition to suggesting, for future cases, the video-taping of the caseworker's interview of the child, to alleviate the hearsay problems involved when a caseworker interprets a child's gestures, *L.W.B.* also adopted an "indicia of reliability" standard, which the legislature had enacted as to the admission of the hearsay

---

[4] Section 505 of the Administrative Agency Law provides: Commonwealth agencies shall not be bound by technical rules of evidence at agency hearings, and all relevant evidence of reasonably probative value may be received. Reasonable examination and cross-examination shall be permitted.

2 Pa. C. S. §505.

statements of children describing acts of sexual abuse in dependency hearings.[5] Under this standard, the hearsay declarations of the child victim will only be admissible when the hearing officer makes a specific finding that the time, content and circumstances of the childs' statement provides sufficient indicia of reliability.

In *L.W.B.*, this court concluded that the case did not need to be remanded for specific findings as to reliability regarding the statements of the child because the "thoughtful analysis by the hearing officer" was "essentially equivalent to a finding that the time, content and circumstances provide the necessary indicia of reliability." *L.W.B.*, 117 Pa. Commonwealth Ct. at 136, 543 A.2d at 1248.

Because the basis for the finding of abuse in this case is based on a combination of the child's statements that D.J.P. kissed her, and her gestures and demonstrative acts indicating that D.J.P. had kissed the child all over her body including between her legs, the case must be remanded so that the hearing officer may make specific findings as to whether the time, content and circumstances of the hearsay statements, testified to by Ms. Hesky, provide the necessary indicia of reliability.

Also, in accordance with our decision in *L.W.B.*, the department shall have the option to videotape an additional interview with the child, in order to submit the

---

[5] 42 Pa. C. S. §5986, added by Act of February 21, 1986, P.L. 41, §1, provides:

A statement made by a child describing acts and attempted acts of indecent conduct, sexual intercourse or deviate sexual intercourse performed with or on the child by another, not otherwise admissible by statute or court ruling, is admissible in evidence in a dependency proceeding initiated under Chapter 63 (relating to juvenile matters), involving that child or other members of that child's family, if a court finds that the time, content and circumstances of this statement provide sufficient indicia of reliability.

videotape to the hearing officer, if the circumstances, including the child's present age and mental state, make such a procedure necessary and appropriate.

Accordingly, we vacate the orders of DPW and remand for the purposes stated.

ORDER

NOW, August 15, 1988, the orders of the Department of Public Welfare dated August 20, 1986 and November 18, 1986, at Docket No. 21-85-131, are vacated and remanded for the hearing officer to make findings as to the indicia of reliability of the hearsay testimony, and if necessary, allow a videotape interview of the child.

Jurisdiction relinquished.